John J. Dillon, S.
This is a motion, for discovery and inspection, incidental to an aceomting proceeding, of the books of a firm of commodity brokers in which the decedent was a general partner. The motion has been opposed on the ground that the moving party, testator’s widow, is foreclosed by the terms of certain agreements made subsequent to testator’s death, purporting to fix the value of decedent’s interest in the partnership. It was provided in one of such agreements that the figures were subject to verification by the widow’s accountant, and the papers presented an issue of fact as to whether such verification had taken place. By decision dated October 28, 1959, the court, decided that a hearing should be held to determine that issue.
The court finds upon .the evidence that, while the widow’s attorney indicated in writing that the required verification had been made by the accountant, the latter had in fact done nothing more than verify the figures as they appeared on the company’s books; that nothing had been done to verify the correctness of the book entries; and that the widow’s attorney was induced to let the matter rest by assurances of several persons, including Fred W. Perutz, the executor, that the widow would get everything she was entitled to and that further inquiries at that time might upset certain delicate negotiations in foreign countries and might even endanger somebody’s life.
Under these circumstances the court is unwilling to hold that the widow’s right of inquiry is barred by the agreements, or that she has waived such right or is estopped from asserting it. While the communications between the attorneys appear on their face to indicate that the required verification had taken place, the court finds that in fact the widow’s attorney had been lulled into a sense of security which induced him and the widow’s accountant to forego anything more than a pro forma reconciliation of figures. Having in mind the duty of complete disclosure which a fiduciary normally owes to those for whom he acts, and the liberality of pretrial procedures now available in this and other courts, the court may not deny the widow the opportunity of mating the proposed inquiry. The motion is granted. Settle order.